# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 20

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| GENE RHODA. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on March 3, 2011. It appearing to the court at the call of this matter on for hearing the defendant was present with his attorney, Brian D. Gulden and the government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On February 17, 2011 a bill of information was issued charging the defendant with possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On March 3, 2011, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.**   18 U.S.C. § 3143(a)(2) provides as follows:

(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

  (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

  (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

  (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty to a violation of 18 U.S.C. § 2252(a)(4)(B). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A) which references "a crime of violence". The terms "crime of violence" are defined in 18 U.S.C. § 3156(a)(4)(C) as being "any felony under Chapter 109A, 110, or 117. The offense described in 18 U.S.C. § 2252(a)(4)(B) and to which defendant has now entered a plea of guilty is set forth in Chapter 110 of Title 18.

As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. The undersigned made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there was going to be a recommendation that no sentence of

imprisonment be imposed upon defendant. Mr. Thorneloe advised the court that such a recommendation could not be made in this matter.

From the foregoing, it appears, and the court is of the opinion that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that defendant be detained pending sentencing in this matter, pursuant to 18 U.S.C. § 3143(a)(2).

Signed: March 7, 2011

Dennis L. Howell
United States Magistrate Judge